| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x | **NOT FOR PUBLICATION** |
| In re<br>      JEFFREY LEE TOGNETTI,<br>                          Debtor.<br>------------------------------------------------------------x | Chapter 7<br>Case No. 03-37171 |
| RACE CAPITAL GROUP LLC and<br>ERIC ROSS,<br>                         Plaintiffs,<br>      -against-<br>JEFFREY LEE TOGNETTI,<br>                      Debtor/Defendant.<br>------------------------------------------------------------x | Case No. 04-9165 (cgm) |

**MEMORANDUM DECISION ON MOTION OF ERIC ROSS
FOR (1) DENIAL OF DEBTOR'S DISCHARGE (2) OR TO AMEND
COMPLAINT TO ASSERT A CAUSE OF ACTION PURUSNAT TO 11 U.S.C. § 727(a)**

**A P P E A R A N C E S:**

Eric Ross
Plaintiff, *pro se*

Steven Landy, Esq.
Landy & Landy, LLP
405 Park Avenue
New York, New York 10022
*Attorneys for Plaintiff Race Capital Group, LLC*

Harvey S. Barr, Esq.
Barr & Haas, LLP
664 Chestnut Ridge Road
Spring Valley, New York 10977
*Attorneys for the Debtor*

**CECELIA G. MORRIS, U.S.B.J.:**

Plaintiffs filed this adversary proceeding on November 19, 2004. The adversary proceeding objects to dischargeability of certain debts pursuant to Section 523(a) of the Bankruptcy Code, Title 11 U.S.C. Plaintiffs' complaint did not assert an objection to the debtor's discharge pursuant to Section 727(a), and the time to object to the Debtor's discharge has expired.

On August 28, 2006 Plaintiff Eric Ross filed the instant motion "for an Order to deny the discharge of the debtor pursuant to §727(a) using §105(a) or, in the alternative, allow movant to prosecute an amended complaint under §727(a)." (ECF Docket No. 63; hereafter, the "Motion"). The Motion has been objected to by the Debtor (ECF Docket Nos. 66 and 67), and Eric Ross submitted a reply to that objection (ECF Docket No. 68).

The Court has already considered and denied a similar request by the same Plaintiff, in this same case, in the memorandum decision dated June 21, 2006, at pages 33 to 36 (ECF Docket No. 47), and familiarity with the Court's June 21, 2006 decision is assumed for purposes of the instant memorandum decision. As the Court noted in the June 21, 2006 decision:

> Although Plaintiff has indicated an intention to file a motion to amend [the] Complaint in the § 523(a) action to add causes of action seeking a denial of discharge, a § 727(a) action would still be untimely, and such un-timeliness may be raised as a defense to the complaint. *See Kontrick v. Ryan*, 540 U.S. 443 (2004). Under *Ryan*, the bankruptcy court has no discretion to extend such deadlines. The Court awaits the Plaintiff's motion to amend his complaint … although amendment of the Complaint might well be a futility given that the deadline to object to Debtor's discharge has lapsed. Under Fed. R. Bankr. P. 4004 as interpreted by *Ryan*, the Court cannot grant Plaintiffs' request for an order denying Debtor's discharge when such request is untimely ….

ECF Docket No. 47, pages 35-36.

Thus, as the Court cautioned in the June 21, 2006 decision, regardless of the sufficiency of the grounds offered by Mr. Ross to support denial of the Debtor's discharge, the time to object to discharge has now passed and cannot be extended. Moreover, the Court's June 21, 2006 decision and related order dated July 26, 2006 (ECF Docket No. 54) are the subject of a current appeal by Mr. Ross (ECF Docket No. 50), and this Court does not currently have jurisdiction of issues on appeal. As explained by Judge Schwartzberg in *In re Overmyer*:

> A bankruptcy judge does not have concurrent jurisdiction with the district court over the subject matter of an appeal. Once a notice of appeal is filed no lower court should be able to vacate or modify an order under appeal, not even a bankruptcy court attempting to eliminate the need for a particular appeal.

53 B.R. 952, 954 (Bankr. S.D.N.Y. 1985) (citation and internal quotation omitted). For the foregoing reasons, Mr. Ross's the request to deny the Debtor's discharge cannot be granted. The Court must still consider whether Mr. Ross may amend the complaint to add causes of action under Section 727.

Federal Rule of Civil Procedure 15(c)(2), applicable to this proceeding by Fed. R. Bankr. P. 7015 provides that "[a]n amendment of a pleading relates back to the date of the original pleading when … the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

As the Second Circuit recently stated:

> The purpose of "Rule 15" is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. For a newly added action to relate back, the basic claim must have arisen out of the conduct set forth in the original pleading…. Under Rule 15, the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading. Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs.

*Salyton v. American Exp. Co.*, 460 F.3d 215 (2d Cir. 2006) (citations and internal quotations omitted).

Due to the strict requirements of timeliness required by *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906 (2004), a plaintiff will not be able to amend a complaint filed under only Section 523 to add untimely objections to discharge unless the complaint "relates back" as provided in Rule 15(c)(2).[1] At least one case has permitted the amendment of a complaint under Section 523 to add causes of action under Section 727. In *Disch v. Rasmussen*, 417 F.3d 769, 776 (7th Cir. 2005), an amended complaint was permitted where the causes of action under Section 727 "arose from the same conduct, transactions and occurrences" as the claims under Section 523(a)(2), (4) and (6), and "the complaint, discovery and entire adversary proceeding" focused on what the

---

[1] In his Memorandum of Law in support of the Motion, Mr. Ross urges the Court to deny the Debtor's discharge "sua sponte" and refers the Court to 11 U.S.C. § 105(a) which states in relevant part that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

*Ryan* holds that a Court can only extend the time to object to discharge as provided in Bankruptcy Rule 4007. The Court will not invoke the general equitable provisions of Section 105 to do what is specifically prohibited by the Bankruptcy Rules, as interpreted by the Supreme Court.

> [Section 105] has been interpreted to mean that while the bankruptcy courts maintain their traditional equitable powers, that jurisdiction "must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988). That is, courts may not use their Section 105(a) powers "to authorize any relief that is prohibited by another provision of the Code." *In re Transit Group, Inc.,* 286 B.R. 811, 815-16 (Bankr. M.D. Fla.2002) (considering whether exercising § 105(a) equitable powers conflicted with 11 U.S.C. § 524(e)).

*In re Cybridge Corp.*, 312 B.R. 262, 269 (D. N.J. 2004). Furthermore, Mr. Ross's appeal to Section 105 in the Motion does not involve the enforcement or implementation of a court order or an "abuse of process." Though Mr. Ross would surely argue that it would be unfair and unjust – and therefore an "abuse of process" – for Mr. Tognetti to obtain a discharge in view of the allegations that Mr. Ross would attempt to prove pursuant to an amended complaint, there is no dispute that Mr. Ross was aware of the deadline by which an objection to discharge was required to be filed, and he did not do so timely. Thus, there is no "abuse of process" for this Court to remedy with regard to notice of the deadline to object to discharge. In *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644 (1992), a debtor claimed an exemption of property for which she had no colorable statutory basis; yet, when the Chapter 7 Trustee failed to timely object to the exemption, the Supreme Court ruled that the deadline provided in Bankruptcy Rule 4003(b) could not be extended. Justice Thomas stated for the majority: "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." 503 U.S. at 644.

debtor had done with money loaned by the plaintiff to the debtor's catering business. The debtor was therefore on notice that the inability to explain what had done with this money could also support a claim under Section 727(a)(5) for the denial of discharge where a debtor "has failed to explain satisfactorily … any loss of assets or deficiency of assets to meet the debtor's liabilities." The facts underlying the causes of action under Section 523 and 727 were the same.

The original complaint in this case alleges the following three causes of action:

- Under Section 523(a)(2), that the Debtor made certain fraudulent representations to the Plaintiffs that he could legally conduct business as a securities trader;
- Under Section 523(a)(4), that the Debtor controlled Plaintiffs' capital accounts and was entrusted with $250,000, of which Debtor allegedly failed to return $127,000. Plaintiffs allege that the Debtor converted the remaining sums in violation of his position of trust and confidence, a breach of his duty as an escrowee, and an act of fraud and defalcation while acting in a fiduciary capacity;
- Under Section 523(a)(6), that the Debtor's alleged conversion of $127,000, and the tendering of two checks that bounced, were acts of willful and malicious injury.

Mr. Ross's current motion seeks denial of discharge based upon the following claims:

1. That the Debtor "made a false oath" based upon statements in the Rule 1007-2 Affidavit and testimony at the meeting of creditors that he was able to rehabilitate a business in the securities industry.
2. That the Debtor failed to disclose all assets on his bankruptcy schedules.
3. That the Debtor made a false account in his bankruptcy schedules.
4. That the Debtor either presented a false claim or committed fraud upon Ameriquest, another creditor, based upon a December 2002 note and mortgage.
5. The Debtor gave a false account concerning the source of funds used to purchase a house in Stony Point, New York.
6. The Debtor concealed the "Managed Auto Sales" asset and continues to use the house in Stony Point as collateral.

The foregoing allegations will be referred to as Items 1 through 6, respectively, and the Court will address each Item in turn:

- Item 1 is the only item that could even arguably relate to facts currently found in the complaint.  There is at least a common theme of alleged false representations by the Debtor, "that he could legally conduct business as a securities trader" (Complaint, ¶18), and that he stated "he was a securities trader on hiatus from the industry and it was his intention to rehabilitate himself and his business" (Motion, ¶A.3).  The problem is that Debtor's complaint does not rely on "a false oath" *in the Debtor's bankruptcy case*, which would support denial of discharge under Section 727(a)(4)(A).  Section 727(a)(4) states that the Court shall grant the debtor a discharge unless "the debtor knowingly and fraudulently, *in or in connection with the case* – (A) made a false oath or account." (emphasis added).  Nothing in the original complaint refers to a "false oath or account," let alone a false oath that is "in or in connection with" the bankruptcy case.  The complaint only put the Debtor on notice of a false representation, which is not the same as a false oath.  Also, the fraudulent misrepresentations referred to in a complaint occurred at a different time, and rely on a different set of facts from those now alleged in Item 1.

- Items 2 and 3 relate to alleged false statements in the Debtor's bankruptcy schedules or concealment of assets.  Plaintiffs' original complaint makes no such reference to these facts, and the Debtor was not put on notice of them.

- Similarly, Items 5 and 6 relate to the Debtor's concealed ownership of a house and business.  There is nothing in the original complaint to which these new allegations could be connected.

- Item 4 relates to the Debtor's alleged fraud against another creditor, and it does not relate at all to the facts alleged in the original complaint.

Unlike *Disch v. Rasmussen*, discussed above, the facts underlying the cause of action in this case under Section 523 are different from the new facts that would support a claim under Section 727.  They do not arise out of the same conduct, transaction or occurrence. As a consequence, the facts that would support a cause of action under Section 727 do not "relate back" to the facts in the original complaint as required by Bankruptcy Rule 7015.  Under *Kontrick v. Ryan*, all six of the Items discussed in Mr. Ross's motion are now time-barred and cannot be added as new causes of action.[2]

---

[2]  In so holding, the Court is mindful of the potential exceptions to the general rule in *Ryan*.  *Ryan* held that a defense of untimeliness is not jurisdictional, and a debtor could waive the defense if not asserted by, at latest, a trial on the merits. 540 U.S. at 459.  The Debtor has not waived the untimeliness defense in this case, asserting the defense in opposition to Mr. Ross's motion to amend the complaint.  The Supreme Court also noted that the facts before it in *Ryan* involved "no issue of equitable tolling or any other equity-based exception" and left open the

- 6 -

## **CONCLUSION**

For the foregoing reasons, the Court denies Mr. Ross's motion to deny or delay the Debtor's discharge as part of this adversary proceeding, which was commenced nearly two years ago and which did not request denial of the Debtor's discharge under Bankruptcy Code Section 727. The Court also denies the motion to amend the complaint to add causes of action objecting to discharge. The Court will issue a separate order reflecting this ruling.

Dated: Poughkeepsie, New York
      November 6, 2006                                             /s/ Cecelia Morris
                                                                        CECELIA G. MORRIS, U.S.B.J.

---

question of whether equitable exceptions would permit an untimely objection to discharge. 540 U.S. at 445. Mr. Ross has not argued that he was unaware of the deadline for objecting to discharge, and therefore no equitable exception is implicated in this case. The "equitable tolling or … other equity-based exception" mentioned by the Supreme Court in *Ryan* necessarily refers to an equitable exception vis à vis notice of the deadline to object to discharge; were it otherwise, creditors could file untimely objections to discharge with impunity by raising as an "equitable exception" the merits of their claims. The Court believes that *Ryan* intended to apply equally rigid deadlines to all objections to discharge, not just the less-meritorious ones.