UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re                                                    Chapter 7
                                                         Case No. 03-37171
     JEFFREY LEE TOGNETTI,

          Debtor.

---------------------------------------------------------x

RACE CAPITAL GROUP LLC and
ERIC ROSS,                                               Case No. 04-9165 (cgm)

          Plaintiffs,

     -against-

JEFFREY LEE TOGNETTI,

          Debtor/Defendant.
---------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER DENYING MOTION BY ERIC ROSS

     On November 7, 2006 this Court issued a decision and order denying Plaintiff Eric

Ross's motion to amend his complaint (ECF Docket Nos. 82 and 83) in the above-captioned

adversary proceeding.

     On November 17, 2006 Ross filed a motion and memorandum of law requesting that this

Court (1) "Amend it [sic] Findings and Make Additional Findings of Fact by the Court and to

correct Conclusions of Law pursuant to [Fed. R. Bankr. P. 7052]" and (2) "Strike the Court's

Order of November 7, 2006 and Issue an Order to Deny the discharge using § 105(a) pursuant to

Rule 9023 and 9024" (ECF Docket Nos. 84 and 85; hereafter, the "Motion").  For the reasons set

forth below, the Court denies the Motion, and no hearing will be held on December 12, 2006.

First, the Court's November 7, 2006 decision and order were not issued after the presentation of evidence. The Court did not make any findings of fact in the course of the decision. The Court only considered whether the legal causes of action that Ross sought to add as part of an amended complaint "related back" to the facts in the original complaint. It would only be appropriate for the Court to make findings of fact in this adversary proceeding if they related back to the facts in the original complaint. The Court determined that the facts that would support the causes of action under Section 727(a), whether true or not, did not "arise out of the same conduct, transaction or occurrence" and thus did not relate back. There are no findings of fact to be supplemented. For the reasons set forth in the Court's November 7, 2006 decision and order, the Court will not hear evidence on or make findings of fact in this case unless they relate back to the original complaint, and only then as part of an evidentiary hearing after the completion of discovery.

The Court will treat the remainder of the Motion as one for reargument pursuant to Local Bankruptcy Rule 9023-1.

First, Ross contends that the Court's interpretation of *Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906 (2004), is mistaken and cites to other cases applying "equity-based exceptions" to the rule. Ross also contends that the Debtor has somehow forfeited the defense of untimeliness. The Court fully considered *Kontrick* and addressed those very arguments in the November 7, 2006 decision and declines to do so again.

To the extent that the Debtor makes arguments relevant to the case of *Sidney Kay v. Tognetti*, Adv. Proc. 04-9084, they are not properly submitted in this case and will not be considered.

The Court has considered the other assertions in the Motion, and they do not provide any

basis for vacating or modifying the November 7, 2006 decision and order.  With regard to

motions for reargument, Local Bankruptcy Rule 9023-1 states: "No oral argument shall be heard

unless the Court grants the motion and specifically orders that the matter be re-argued orally."

For the reasons set forth above and in the November 7, 2006 decision, the Motion does not

warrant oral argument.

Upon the foregoing, it is hereby

**ORDERED**, that the Motion is denied.

Dated: Poughkeepsie, New York
       December 8, 2006                                    ___/s/ Cecelia Morris_____
                                                          CECELIA G. MORRIS, U.S.B.J.